1

2

3

4                   **UNITED STATES DISTRICT COURT**

5                **NORTHERN DISTRICT OF CALIFORNIA**

6                        **SAN JOSE DIVISION**

7

8     UNITED STATES OF AMERICA,          Case No.  19-cr-00611-BLF-2
                                         Case No.  23-cv-04652-BLF
9                    Plaintiff,
                                         **ORDER DENYING CERTIFICATE OF**
10           v.                          **APPEALABILITY; DENYING**
                                         **DEFENDANT'S APPLICATION TO**
11    OCTAVIO PAQUE,                     **PROCEED ON APPEAL IN FORMA**
                                         **PAUPERIS; AND DENYING**
12                   Defendant.          **DEFENDANT'S MOTION FOR**
                                         **APPOINTMENT OF COUNSEL ON**
13                                       **APPEAL**

14

15          Defendant Octavio Paque pled guilty to, and was convicted of, conspiracy to distribute and

16   possess with intent to distribute cocaine.  *See* Minute Entry, ECF 125.[1]  Defendant later filed a

17   motion to vacate his conviction under 28 U.S.C. § 2255 ("§ 2255 Motion"), asserting a single

18   claim of ineffective assistance of counsel ("IAC") at the plea stage of his criminal proceedings

19   based on his counsel's alleged failure to advise that a guilty plea would render Defendant's

20   removal from the United States a virtual certainty.  *See* § 2255 Motion, ECF 161.  This Court held

21   an evidentiary hearing and thereafter denied Defendant's § 2255 Motion in a written order issued

22   on January 16, 2025.  *See* Order Denying Def.'s § 2255 Motion, ECF 211.

23          Defendant filed a Notice of Appeal on January 27, 2025, and on the same date filed an

24   application requesting leave to proceed on appeal in forma pauperis ("IFP") and requesting

25   appointment of counsel on appeal.  *See* Notice of Appeal, ECF 213; Def.'s Applic., ECF 212.  On

26   January 28, 2025, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit")

27

28   _____
     [1] Citations are to docket entries in the criminal case, *United States v. Octavio Paque*, 19-cr-00611-
     BLF, rather than the parallel civil case, *Octavio Paque v. United States*, 23-cv-04642-BLF.

*United States District Court*
*Northern District of California*

issued a Docketing Notice, indicating that no briefing schedule would be set on the appeal until this Court or the Ninth Circuit determines whether a certificate of appealability ("COA") should issue. *See* Docketing Notice, ECF 215. This Court addresses the issuance of a COA below, and then addresses Defendant's application to proceed IFP and request for appointment of counsel on appeal.

### A.    Certificate of Appealability

An appeal may not be taken from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1)(B); *see also* Fed. R. App. P. 22(b)(1) ("[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet that standard, the applicant must show "that reasonable jurists could debate" whether the § 2255 motion should have been resolved differently or "that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.

This Court denied Defendant's IAC claim on the merits after conducting an evidentiary hearing at which the Court heard testimony from the attorney who represented Defendant in his criminal proceedings, from an immigration attorney consulted by Defendant before he pled guilty, and from Defendant himself. *See* Order Denying Def.'s § 2255 Motion at 1. The Court determined that Defendant had failed to carry his burden to show that his criminal attorney's performance was deficient. *See id.* at 13. In this Court's view, reasonable jurists would not find that determination debatable or wrong based on the testimony presented and the record as a whole.

Accordingly, a certificate of appealability is DENIED.

**B.      Application to Proceed on Appeal In Forma Pauperis**

A party to a district court action who wishes to proceed on appeal IFP must file a motion in the district court, supported by an affidavit containing certain financial information and identifying the issues the party intends to present on appeal.  *See* Fed. R. App. P. 24(a)(1).  However, "[a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization," unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis[.]"  Fed. R. App. P. 24(a)(3).

Defendant's application to proceed on appeal IFP is not accompanied by an affidavit containing the information described in Rule 24(a)(1).  *See* Def.'s Applic.  However, Defendant was determined to be financially unable to obtain an adequate defense in his criminal case, and was appointed counsel under the Criminal Justice Act ("CJA").  *See* Minute Entry, ECF 6.  Although retained counsel ultimately replaced Defendant's appointed counsel in the criminal case, the record does not reflect who paid retained counsel and there is no suggestion that Defendant's finances have improved since appointment of CJA counsel.  The Court therefore assumes for purposes of the present application that Defendant would be eligible to proceed on appeal IFP under Rule 24(a)(3) absent a certification by this Court that the appeal is not taken in good faith or that Defendant is not otherwise entitled to proceed IFP.

An appeal is take in good faith if it presents issues or claims that are non-frivolous.  *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) ("If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole.").  In the present case, the Court finds that Defendant could not present any non-frivolous issues on appeal.  This Court denied Defendant's § 2255 Motion after determining that Defendant had not carried his burden to establish deficient performance by his counsel, and in this Court's view Defendant does not have any factual or legal basis to dispute that determination on the record in this case.

Defendant's application to proceed on appeal in forma pauperis is DENIED.

United States District Court
Northern District of California

1

### C.    Request for Appointment of Counsel on Appeal

2      Defendant requests that his current counsel, who is retained, be appointed to represent him

3   on appeal. *See* Def.'s Applic. at 1. "[T]here is no constitutional right to counsel at a collateral,

4   post-conviction section 2255 proceeding." *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir.

5   1995). However, this Court has discretion to appoint counsel to financially eligible persons in

6   § 2255 proceedings if "the court determines that the interests of justice so require[.]" 18 U.S.C.

7   § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district

8   court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

9   articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v.*

10  *Look*, 718 F.2d 952, 954 (9th Cir. 1983).

11     Even assuming that Defendant is financially eligible, the Court does not find appointment

12  of counsel to be appropriate in this case. For the reasons discussed above in connection with the

13  denial of a COA and denial of Defendant's IFP application, there does not appear to be any

14  likelihood that Defendant will succeed on his appeal. Moreover, the legal issues presented by

15  Defendant's IAC claim are not complex. Defendant's counsel clearly had a duty to advise

16  Defendant that removal from the United States was a virtual certainty if Defendant entered the

17  negotiated guilty plea. *See* Order Denying Def.'s § 2255 Motion at 6. Defendant's IAC claim

18  was denied because he failed to show that counsel failed to satisfy that duty. *See id.* at 13.

19  Because Defendant is not likely to succeed on his appeal, and the legal issues presented by

20  Defendant's IAC claim are not complex, the Court in the exercise of its discretion declines to

21  appoint counsel to represent Defendant on appeal.

22     The request for appointment of counsel on appeal is DENIED.

23                              **ORDER**

24  (1)    A certificate of appealability is DENIED;

25  (2)    Defendant's application to proceed on appeal in forma pauperis is DENIED; and

26  (3)    Defendant's request for appointment of counsel on appeal is DENIED.

27  Dated: January 29, 2025

28                              BETH LABSON FREEMAN
                                United States District Judge

4